## ADAMS & al. vs. CARVER & als.

The indorser of a note over-due is competent, in an action by the indorsee against the maker, to testify to the time when the note was negotiated, and to any other facts which happened prior to that time, and not affecting the original validity of the note.

*Assumpsit* on a promissory note, made *Sept.* 12, 1826, for $870, 21, payable to *Elijah D. Harris* or order in twelve months, with interest after six months, and by him indorsed to the plaintiffs. No payments were indorsed on the note.

In a case stated by the parties it was agreed that if *Harris* was a competent witness for the defendants, they could prove by him that the note was indorsed to the plaintiffs in *May* 1828, as collateral security for an unliquidated balance of current accounts, due from him to the plaintiffs ; that at the time of the transfer he told them that there had been several payments, not specifying the amount, made on the note, but not indorsed ; but that there was enough due, as he said, to cover what he owed them at that time ; that it was then understood between them that they should not sue the note without giv-

Adams & al. *v.* Carver & als.

ing him notice, because he had received such partial payments ; and that he received as such, of the defendants, $650 before the transfer of the note, and $240 afterwards.

It was further agreed that the defendants had no knowledge of the transfer of the note, till after the last payment had been made ; and that *Harris*, in *Oct.* 1828, had demanded payment of the defendants by letter, representing the note as still in his hands.

Upon these facts the case was submitted to the judgment of the Court, the plaintiffs denying the admissibility of *Harris* as a witness, for the purposes sought.

*Willis*, for the plaintiffs, resisted the admission of *Harris*, on the ground of public policy ; and also because he was interested in the event of the suit ; being liable to the defendants as well for the costs of the suit, as for the money by them paid to him. *Barnes v. Ball*, 1 *Mass.* 73 ; *Buckland v. Tankard*, 5 *D. & E.* 578 ; *Main-waring v. Mytton*, 1 *Stark. R.* 83 , *Scott v. McLellan*, 2 *Greenl.* 199 ; *Manning v. Wheatland*, 10 *Mass.* 502 ; *Butler v. Damon*, 15 *Mass.* 223 ; *Knight v. Putnam*, 3 *Pick.* 184 ; 1 *Ld. Raym.* 575 ; 3 *D. & E.* 83 ; *Mead v. Small*, 2 *Greenl.* 211 ; *Meaghan v. Mills*, 9 *Johns.* 64 ; *Churchill v. Suter*, 4 *Mass.* 156.

But if he was competent to testify, it is only to facts occurring prior to the transfer. *Webster v. Lee*, 5 *Mass.* 334 ; *Baker v. Wheaton*, *ib.* 509 ; *Holland v. Makepeace*, 8 *Mass.* 418 ; *Sargent v. South-gate*, 5 *Pick.* 312 ; *Sanford v. Mickles*, 4 *Johns.* 224 ; *Collenidge v. Farquharson*, 1 *Stark. R.* 259.

*Greenleaf*, for the defendants, cited *Hartford Bank v. Barry*, 17 *Mass.* 94 ; *Warren v. Merry*, 3 *Mass.* 27 ; *Barker v. Prentiss*, 6 *Mass.* 430 ; *Parker v. Hanson*, 7 *Mass.* 470 ; *Powels v. Waters*, 17 *Johns.* 176 ; 2 *Stark. Ev.* 298, *note* ; 2 *Phil. Ev.* 13, 14 ; *Wood-hull v. Holmes*, 10 *Johns.* 231 ; *Baker v. Arnold*, 1 *Caines* 258 ; *Olmstead v. Stewart*, 13 *Johns.* 298.

WESTON J. delivered the opinion of the Court at the adjournment in *August* following.

The admission of *Harris*, the original payee and indorser of the

note, as a witness, is objected to ; first, on the ground of public poli-
cy, and secondly, as answerable to the defendants for the costs, as
well as for the amount which will be due to them from him, if they
fail in this action. *Churchill v. Suter* is the leading case upon the
first ground, which has been recognized and practised upon in Mas-
sachusetts and in this State. In that case it was decided, upon a re-
view of the authorities, that a party to a negotiable instrument, should
not be received as a witness to prove it to have been originally void.
This is the extent and limit of the objection to testimony of this kind.
It is true, that in the case of *Butler v. Damon*, 15 *Mass.* 223, the
court say, that such party shall not be received to show facts antece-
dent to the transfer, whereby the holder is to be defeated of his re-
covery. Giving full effect to the generality of this language, it might
go to support the objection taken to the witness, in the case before
us. But that case did not require a language so broad ; and it may
be regarded as limited by the case of *Churchill v. Suter*, which was
cited and relied upon by the court. And doubtless the principle of
that case did apply ; for the attempt was, to show by the payee and
indorser, against the plaintiff the indorsee, that the note was given
without consideration, which rendered it void in the hands of the
plaintiff, to whom it was indorsed, after it became due.

It may be more difficult to reconcile the ground, upon which one
of the points raised in *Knights v. Putnam*, 3 *Pick.* 184, was deci-
ded, with the limitation in *Churchill v. Suter*. It was not the main
point in the cause, which was very elaborately discussed and clearly
settled in the opinion of the court, by Mr. Justice *Wilde*. It was an
action by the indorsee of a negotiable promissory note against the
maker, the indorser was introduced as a witness to prove usury, as
between himself and the indorsee, in the transfer of the note ; and
also that it was pledged to the indorsee for a debt less than the
amount of it, the testimony was rejected as irrelevant, and a verdict
was taken for the plaintiff, subject to the opinion of the court, as to
the admissibility of the witness. It was decided that usury in the
transfer, the note being originally free from the taint of usury, was
no objection to a recovery by the indorsee against the maker. If
the plaintiff held the note as a pledge for less than its amount, he

might, notwithstanding, recover the whole, as the court had expressly decided in *Butler v. Damon*; so that the testimony rejected was upon this ground clearly irrelevant. But the judge, in his opinion, sustained the rejection upon another point; that the indorsement being unqualified, the indorser could not be received as a witness to qualify it, by establishing an interest in himself. If the effect of such testimony would be to establish a title in the witness to any part of the note, he would be incompetent, not upon the ground of policy, but of interest. But the verdict and judgment in that case could not avail the witness, as proof to sustain any claim of his own. Conceding however the correctness of the reason given in *Knights v. Putnam*, and rightly understood, perhaps the judge intended to hold the testimony inadmissible, as tending to vary the legal effect of written testimony; yet it would form no objection to *Harris* as a witness, in the case under consideration. He testifies to no facts, tending to prove an interest in himself, in any part of the amount due on the note, at the time of the indorsement.

There is nothing in the rule laid down by *Parsons C. J.* in the case of *Churchill v. Suter*, which would exclude the indorser from testifying that he indorsed the note after it became due. This being established, the maker is let in to every defence, available between the original parties. This point has been settled by numerous authorities, which, as there are no conflicting decisions, it is unnecessary to cite. This principle is not regarded as tending to check the circulation of negotiable paper, the party receiving it when over due, being put upon his guard, and being presumed to rely upon the credit of the indorser. The indorsee thereby becomes entitled to whatever may be due at the time of the transfer. All payments, which can be proved to have been previously made, are to be allowed in favor of the maker. The holder is apprized that he takes such dishonored paper, subject to offsets intended to be applied thereto, between the original parties. Testimony of this kind, proving matter of discharge, either in whole or in part, is no impeachment of the validity or efficacy of the instrument at the time of its execution, and may therefore in our opinion be received from the indorser, not otherwise interested, without violating the principle established in *Churchill v.*

50

*Suter.* That the law is so understood in New York, which adopts the same principle, is proved by the cases cited for the defendants. In the *Hartford Bank v. Barry,* 17 *Mass.* 94, *Parker C. J.* admits that the New York cases establish the point, that a party to a note, who is otherwise competent, may be a witness to prove any fact, having a bearing upon the note, happening after it is made. He finds no fault with this position, makes no intimation that the law is otherwise understood in Massachusetts, but shows that the witness rejected in that case was offered to prove a fact which happened when the note first passed from the promissor, and that it was to be regarded as having been then made.

As to any balance of interest which might incline the witness in favor of the defendants, it does not appear to us to exist. He is answerable at all events to the one party or the other, for the payments by him received ; and allowing to the defendants all the payments proved by the witness, a balance remains due to the plaintiffs, sufficient to carry costs. But payments made by the defendants to the witness, after the transfer, cannot be allowed. By the transfer, the amount then due passed to the plaintiffs. The liability of the makers to them, arises from the nature and legal effect of the instrument ; and no notice is necessary to charge them. No affirmation or conduct of the indorser could affect the rights of the plaintiffs. If the defendants confided in the assurance of the witness, the payee, in his letter of *October,* 1828, that he still held the note, and were deceived, they must look to him, and not to the plaintiffs, for the money subsequently paid to him. Allowing to the defendants the sums by them paid on the note prior to the transfer, and rejecting those which were made afterwards, a balance is due on the note of two hundred eighty-seven dollars and ninety-seven cents, for which the plaintiffs are to have judgment.